UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Nasdaq, Inc.,<br><br>   Plaintiff,<br><br>v.<br><br>[REDACTED],<br><br>   Defendant. | Case No.: 1:24-cv-7296<br><br>Judge Manish S. Shah |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION
TO EXTEND THE TEMPORARY RESTRAINING ORDER**

  Pursuant to Federal Rule of Civil Procedure 65(b)(2) and the Court's inherent power to effectuate its own orders, Plaintiff Nasdaq, Inc. ("Nasdaq") seeks to extend the Temporary Restraining Order granted and entered by the Court on September 12, 2024 (the "TRO") (Dkt. 31) by a period of fourteen (14) days until October 10, 2024.

  On September 12, 2024, this Court entered the TRO against the Defendant. Dkt. 31. On September 16, 2024, Plaintiff served GoDaddy's registered agent of service with the TRO (which orders GoDaddy to make Defendant's domain name untransferable), and requested that GoDaddy provide Nasdaq with notice when it had rendered the domain name untransferable and to provide the ordered expedited discovery to Nasdaq's counsel. Declaration of Brian J. Beck at ¶ 2. As of today, September 23, 2024, GoDaddy has not responded to service of the TRO, and has not provided the ordered expedited discovery. *Id.* at ¶ 3. In the TRO, the Court found good cause for an ex parte TRO because "in the absence of an ex parte Order, Defendant could and likely would transfer its domain name from a registrar under this Court's jurisdiction to foreign domain name registrars, and evade both service of process and litigation on the merits." Dkt. 31 at 1.

Rule 65(b)(2) states that a temporary restraining order entered without notice may be extended provided a party can show, prior to expiration of the order, good cause for such an extension. Fed. R. Civ. P. 65(b)(2). Nasdaq respectfully submits that there is good cause to extend the TRO, because: (1) until GoDaddy has rendered Defendant's domain name untransferable, Defendant will likely transfer its domain name to a foreign registrar to evade service of process and litigation on the merits; and (2) GoDaddy has not yet confirmed that it has made Defendant's domain name untransferable, preventing Nasdaq from serving Defendant and proceeding with its motion for preliminary injunction. As discussed in Nasdaq's Memorandum in Support of its *Ex Parte* Motion for Entry of a Temporary Restraining Order, and as found by the Court in granting the TRO, the possibility of harm to Nasdaq is significant. Because GoDaddy has not implemented the TRO yet, Defendant has suffered no burden from the TRO, and will not be prejudiced by an extension of the TRO. Accordingly, in the interest of justice, Nasdaq submits that extension of the TRO is necessary. In light of the above, Nasdaq respectfully requests that the TRO be extended for a period of fourteen (14) days until October 10, 2024.

Date: September 23, 2024        Respectfully submitted,

By: */s/ Brian J. Beck*
Brian J. Beck, (ARDC No. 6310979)
HALEY GUILIANO LLP
75 Broad Street, Suite 1000
New York, NY 10004
+1 (669) 213-1058
+1 (669) 500-7375 (fax)
brian.beck@hglaw.com

***ATTORNEY FOR PLAINTIFF***